IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| VELIA VALDEZ,<br>Institutional ID No. 65170-510<br><br>Plaintiffs,<br><br>v.<br><br>SAN ANGELO POLICE DEPT, *et al.*,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:25-cv-00024-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

## I. JURISDICTION

The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff Velia Valdez brought a civil suit under 42 U.S.C. § 1983. Venue is proper in the Northern District of Texas, San Angelo Division, because a substantial part of the events giving rise to this action occurred there. The undersigned has the authority to enter these Findings, Conclusions, and Recommendations (FCR) after United States District Court Judge James Wesley Hendrix transferred this case to the undersigned to file proposed findings of fact, conclusions of law, and recommendations for the disposition of the case. Dkt. No. 18; 28 U.S.C. § 636(c)(1). Valdez has not consented to the undersigned exercising the full jurisdiction of this Court.

## II. FACTUAL BACKGROUND

Valdez filed a document titled "motion under: civil suit" that the Court interpreted as a civil-rights complaint. Dkt. No. 1. That Complaint contained several deficiencies which she was ordered to cure. Dkt. No. 5. The Court warned Valdez that failure to comply could result in the dismissal of her case without further notice. *Id.* After Valdez only partially complied with that court order, she was ordered to cure the remaining deficiencies and file an amended complaint. Dkt. No. 7. That second order also warned her that failure to comply would result in the dismissal of her case. *Id.* Valdez filed, and the Court granted, a motion to extend time. Dkt. Nos. 8, 10. The order granting the extension also warned Valdez that failure to comply with the Court's orders would result in the dismissal of her case. Dkt. No. 10.

Valdez did not timely file an amended complaint, file for another time extension, or send the Court any correspondence in the four months after the Court granted her motion to extend time. Dkt. No. 17 at 2. Consistent with its warnings, the Court dismissed Valdez's complaint. Dkt. Nos. 11–12.

Nearly a month after the Court dismissed Valdez's complaint—and three months after the deadline—Valdez filed an amended complaint. Dkt. No. 13. She attached a letter stating she sent an amended complaint earlier, after the deadline but before the dismissal, but the Court never received it. Dkt. No. 13–2 at 1. She also explained that her new prison unit had been in lockdown for two and a half weeks. *Id.*

The Court re-opened this case. Dkt. No. 17. Even though the records reflect Valdez was given multiple notices that her filings were deficient and she was afforded generous

amounts of time to cure the deficiencies, Dkt. Nos. 5, 7, 10, the Court found reopening the case was in the interest of justice. Dkt. No. 17. Valdez filed her amended complaint soon after her case was dismissed, and at least some of the circumstances behind her tardiness were beyond her control. *Id.* at 3–4.

This case was transferred to the undersigned, and Valdez was ordered to complete a Magistrate Judge's Questionnaire (MJQ). Dkt. Nos. 18, 20. Two months after the MJQ deadline, the Court again ordered Valdez to answer the MJQ as well as show cause why she failed to comply with the first order to answer the MJQ. Dkt. No. 23. Valdez was explicitly warned: "FAILURE TO FOLLOW COURT ORDERS, SUCH AS RESPONDING TO THE QUESTIONNAIRE AND THIS ORDER[,] WILL RESULT IN DISMISSAL OF PLAINTIFF'S CASE AGAINST DEFENDANTS." *Id.* at 1.

Valdez did not respond to or acknowledge the show cause order.

## IV. LEGAL STANDARDS

Federal Rule of Civil Procedure 41(b) permits a court, on its own motion, to dismiss an action if a plaintiff fails to prosecute or comply with a court order. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021). Such dismissal is fair when plaintiff had notice of the court's intention to dismiss and an opportunity to respond. *Sampson v. Lyft, Inc.*, No. 4:25-CV-00786, 2025 WL 3635841, at *1 (S.D. Tex. Nov. 20, 2025), *report and recommendation adopted*, No. 4:25-CV-00786, 2025 WL 3634824 (S.D. Tex. Dec. 10, 2025). Dismissal with prejudice for failure to prosecute is only appropriate "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or

the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 802.[1]

On the other hand, dismissal without prejudice can be used to safeguard a court's right to control its docket and is preferrable to dismissal with prejudice when doing so is not futile or contrary to the interests of justice. *Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir. 1982).

## V. ANALYSIS

Here, dismissal is authorized by Rule 41(b) because Valdez has failed to prosecute and comply with court orders. *See* Dkt. No. 23. Specifically, she has not complied with the Court's orders that she complete her MJQ. Dkt. Nos. 20, 23.

Dismissal is also fair because Valdez is on notice of the Court's orders and likelihood to dismiss if she fails to respond. Dismissal for failure to respond to the MJQ is not the first time Valdez has faced dismissal for failure to comply with this Court's orders. The show cause order, Dkt. No. 23, clearly warned Valdez that failure to comply would result in dismissal of her case. *Id.* at 1. This FCR also puts Valdez on notice of the Court's intent to dismiss, and it grants her 14 days to file an objection and explain why the case should be allowed to proceed. *Sampson*, No. 4:25-CV-00786, 2025 WL 3635841, at *1.

This action should be dismissed without prejudice because there is no clear record of delay. Although Valdez's failures to comply with court orders have delayed this case, including four months of inactivity, the delays have not gone on for years, and the Court

[1] Generally, dismissal with prejudice also requires "at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citation modified). The undersigned does not reach these factors.

found that at least some delays were due to factors outside Valdez's control. *See Rogers*, 669 F.2d at 320–21 (collecting cases involving multi-year delays).

Without a clear record of delay, the undersigned does not reach whether dismissal without prejudice is futile to control the Court's docket. However, a prior dismissal did prompt Valdez to file an out of time amended complaint and explanation for the delay.

## VII. CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DISMISS Plaintiffs' complaint without prejudice.

## VIII. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IX. TRANSFER OF CASE

The undersigned ORDERS that this case be TRANSFERRED back to the docket of United States District Judge James Wesley Hendrix and designated as Civil Action No. 6:25-cv-00024-H-BU.

ORDERED this 1st day of October 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE